For the reasons given, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

MORROW, P. J. Consideration has given to the motion for rehearing and to the oral argument of state's counsel in support of it. The conclusion stated in the original opinion is an application of what we understand to be the general rule of evidence, namely, that it is primarily the office of the judge to determine the admissibility of evidence. On the subject, a text-writer uses this language:

"Necessity is a part of the law of the land, supreme within its sphere. There are facts upon which, if a court does not pass, it cannot discharge its functions; therefore it decides them." 2 Bishop's New Crim. Proc. (2d Ed.) § 989.

From the same author we quote further:

"The judge, within a doctrine already explained (section 898, supra), and as a preliminary without which no confession can go to a jury, determines, on testimony laid before him, both for and against, whether or not to admit the particular one; the burden being on the prosecuting power that tenders the confession. His decision covers, besides the law, the fact, as to which it is not ordinarily to be disturbed on review; and the jury can pass merely on the effect of the confession in evidence. This is the doctrine of reason, supported by more of the cases, but we have a few which seem to accord something more to the jury, or place on the defendant the burden of proving the inadmissibility." 2 Bishop's New Crim. Proc. (2d Ed.) § 1220.

There may be departures from this rule, but they are exceptions in their nature and do not become the rule. We understand that where a verbal confession on its face voluntary, and not offensive to the statute upon the subject, is offered in evidence, it is incumbent upon the accused to call its admissibility in question by the introduction of evidence. This principle applies when the state offers in evidence a declaration, criminative in its nature, which the accused contends should not be received because he was under arrest at the time it was made. Williams v. State, 19 Tex. App. 279. This preliminary inquiry may and should, upon request of the accused, be made in the absence

of the jury. If, after hearing the inquiry, the judge is of the opinion that the proffered evidence is admissible, the evidence on the preliminary hearing may be embraced in a bill of exceptions, so that the reviewing court may decide with the facts before it whether the ruling of the trial judge was correct. If the evidence touching the arrest is conflicting or its truth called in question, the court, upon the request of the accused, may, by an appropriate instruction, call upon the jury to determine whether at the time the declaration was made the accused was under arrest. It is possible that instances might arise in which, on such request, the court should submit the matter to the jury. We are not to be understood as holding that under the evidence adduced in the trial the confession was not admissible. Our opinion in this and on the original hearing go no further than to declare that the appellant was entitled to the decision of the trial judge on the admissibility of the confession, and that the trial court was not warranted in submitting to the jury the confession, together with the evidence of arrest, and calling on the jury to decide the matter, as was done against the protest of the appellant.

The motion is overruled.

---

### HILL v. STATE. (No. 8127.)

(Court of Criminal Appeals of Texas. May 14, 1924. Rehearing Denied June 18, 1924.)

1. **Criminal law ⚖⇒1091(2)—Bill of exceptions complaining of conduct and language of court held not to present error.**

Bill of exceptions complaining of language and conduct of court, but failing to show that same took place in presence and hearing of jurors who sat on the trial, *held* not to present error.

2. **Criminal law ⚖⇒1091(1)—Injurious nature of matter complained of must be shown by definite and specific averments.**

Injurious nature of matter complained of in bill of exceptions must be made known by definite and specific averments.

3. **Criminal law ⚖⇒656(8, 9)—Remark of court during cross-examination held not on weight of evidence or to convey opinion.**

Comment of court during defendant's cross-examination of character witness, "If you don't want this witness to injure your case, you had better let her go right now," *held*, though apparently improper, not within Code Cr. Proc. 1911, art. 787, forbidding discussion or comment by court on weight of evidence or its bearing or remarks calculated to convey judge's opinion.

4. **Homicide ⚖⇒163(2)—Exclusion of proof of previous killings by deceased held not to present error.**

Refusal of court to permit witness to testify that deceased had killed two men *held* not

to present error, where the date of such occurrences was not shown to have been within the rules relating to the admission of such evidence.

**5. Homicide ⊗=250.—Evidence held to sustain conviction for murder.**

Evidence *held* to sustain conviction for murder.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Bennie Hill was convicted of murder, and he appeals. Affirmed.

B. D. Shropshire, of Fort Worth, and Judkins & Dodson, of Eastland, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Eastland county of murder, and his punishment fixed at 25 years in the penitentiary.

[1, 2] There are three bills of exception in the record. The first complains of language and conduct of the trial court, but unfortunately the bill presenting the complaint fails to show that same took place in the presence and hearing of any jurors who sat upon this trial. On this point the bill states:

"While the jury panel for the week were seated in the courtroom and before the jury had been impaneled to try this case."

Appellant was charged with murder, and no statement appears in the bill of exceptions as to where the special venire was when the acts and conduct referred to took place, nor is there any showing that such venire was waived, or that any of the jurors for the week who saw or heard same were on the jury selected to try this case. Under the well-recognized rule that the matter complained of must be made known to be injurious by definite and specific averment, we are compelled to hold against appellant upon this point.

[3] It is further complained in another bill of exceptions that while appellant was cross-examining a state witness, the court in the presence and hearing of the jury remarked:

"If you don't want this witness to injure your case, you had better let her go right now."

The setting or surrounding circumstances are not given in the bill of exceptions. The witness was a character witness. Conceding for the purpose of the decision the apparent impropriety of the remark, we observe that the statute invoked, article 787, C. C. P., forbids discussion or comment by the court on the weight of the testimony, or its bearing in the particular case, or the making of any remark calculated to convey to the jury the judge's opinion of the case. We are not able to bring the matter complained of here within the comprehension of said article. The remark is as easily susceptible of any effort on the part of the court to assist appellant's counsel, as otherwise. There is no brief on file for appellant, and we are unable to understand how said remark was a comment on the weight of the evidence or calculated to convey to the jury the court's opinion of the case.

[4] The only other bill complains of the refusal of the court to permit a witness to testify to the fact that prior to the homicide, and at a date which is not shown to be within the rules admitting such evidence, deceased had shot two other men. It is plain that there should be such averment relative to the time as would make it appear to this court that the evidence was admissible. The general objection sustained by the court would otherwise appear sufficient.

[5] The evidence both from the state and defense witnesses shows overwhelmingly that appellant, deceased, and two others were engaged in a game of dominoes for money. Deceased won, and was in the act of putting the money thus obtained in his pocket, when appellant shot him. Appellant did not combat this by his own testimony further than to say that, when deceased put the money in his pocket, he looked at him and, thinking deceased was going to shoot, he shot and killed deceased. Statements made by appellant which were in testimony showed threats by him to kill deceased; other statements attributed to appellant directly after the shooting, as to the manner and circumstances of same, were introduced by the state and were entirely contradictory of the testimony given by appellant on the trial.

Finding no error in the record, an affirmance will be ordered.